# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| TERRY BLAND, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No.: <u>3:18cv00117-JMV</u> |
| | ) |
| NANCY BERRYHILL | ) |
| *Commissioner of the Social Security,* | ) |
| | ) |
|     **Defendant.** | ) |

## <u>FINAL JUDGMENT</u>

This cause was before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held April 24, 2019, the court finds the ALJ's decision is not supported by substantial evidence in the record. The ALJ's determination at step two of the sequential evaluation process that the claimant's tremor was non-severe is not supported by substantial evidence in the record. Treatment notes dated November 18, 2014, indicate the claimant was assessed with a "moderate tremor" of the left and right arms and prescribed Neurontin. Furthermore, medical records from the claimant's treater and the report of the consultative examiner, respectively, indicate the claimant exhibited a tremor

–1–

(while writing) and coarse shaking (while touching his toes) of his upper extremities, and the claimant consistently complained he shook uncontrollably and testified he dropped food while attempting to eat[1]. This error was prejudicial to the claimant in view of the ALJ's failure to consider the claimant's tremor while crafting an RFC and before concluding the claimant was capable of a full range of light work activity—which could require significant reaching and handling in many cases. *Cf. Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) (reversing and remanding case to district court with instructions to vacate Commissioner's decision where there was a step two error and case had proceeded to step five).

On remand, the ALJ must reconsider the claimant's tremor. The ALJ must order a physical consultative examination of the claimant and provide the consultative examiner with copies of all the relevant medical evidence in the file. The ALJ must obtain from the consultative examiner a function-by-function assessment of physical RFC that takes into account all the claimant's physical impairments, including, but not limited to, his tremor. The ALJ must, after obtaining this new evidence, seek the assistance of a medical advisor before reaching a determination of the claimant's RFC. The ALJ must, likewise, (as it relates to the relevant periods for both the claimant's DIB and SSI applications) obtain from the medical advisor a function-by-function assessment of physical RFC that takes into account all the claimant's physical impairments, including, but not limited to, his tremor. To the extent the ALJ needs clarification of or further explanation for any medical opinion, the ALJ must obtain it from the appropriate physician prior to rendering a new decision. Ultimately, the ALJ must make a new RFC determination that is supported by substantial evidence in the record. Further, the ALJ

---

[1] This testimony was not controverted by any evidence identified by the ALJ.

must provide an explanation, supported by substantial evidence in the record, for rejecting any physician's opinion. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering all his impairments.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 25th day of April, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE