# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | |
|---|---|
| TERRY BLAND, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil No.: <u>3:18cv00117-JMV</u> |
| NANCY BERRYHILL<br>*Commissioner of the Social Security,* | ) ) ) ) |
|     Defendant. | ) ) |

## <u>OPINION AND ORDER GRANTING MOTION<br>TO ALTER OR AMEND JUDGMENT</u>

This cause is before the Court on Defendant's motion [25] to alter or amend the April 25, 2019, Final Judgment [18], brought pursuant to FED.R.CIV.P. 59(e). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court having considered the briefing of the parties and applicable law finds the motion well taken in part and concludes the April 25 judgment should be vacated for the reasons set out below.

### <u>Background</u>

The Court's April 25 judgment [18] reversed the decision of the Commissioner of Social Security on Plaintiff's disability applications and remanded the case for further proceedings. Pursuant to the Court's oral ruling and Final Judgment [18], the Court found

the ALJ's decision is not supported by substantial evidence in the record. The ALJ's determination at step two of the sequential evaluation process that the claimant's tremor was non-severe is not supported by substantial evidence in the record. Treatment notes dated November 18, 2014, indicate the claimant was assessed with a "moderate tremor" of the left and right arms and prescribed Neurontin. Furthermore, medical records from the claimant's treater and the report of the consultative examiner, respectively, indicate the claimant exhibited a tremor (while writing) and coarse shaking (while touching his toes) of his upper extremities, and the claimant consistently complained he shook uncontrollably and testified he dropped food while attempting to eat[1]. This error was prejudicial to the claimant in view of the ALJ's failure to consider the claimant's tremor while crafting an RFC and before concluding the claimant was capable of a full range of light work activity—which could require significant reaching and handling in many cases. *Cf. Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) (reversing and remanding case to district court with instructions to vacate Commissioner's decision where there was a step two error and case had proceeded to step five).

In addition to the foregoing, the Court included a list of instructions for specific proceedings the ALJ must conduct on remand.

By the instant motion, the Commissioner makes two arguments: (1) the Court erred when it determined substantial evidence did not support the ALJ's step two finding that Plaintiff's tremor was not a severe impairment and, alternatively, (2) the Court's remand instructions invade the province of the ALJ to decide how to develop the record and assess Plaintiff's RFC. While the Court rejects the Commissioner's argument that it erred with respect to its determination that the ALJ committed error at step two, the Court, nevertheless, reverses its prior conclusion that this error was prejudicial to the claimant and now concludes—for reasons outlined by the

---

[1] This testimony was not controverted by any evidence identified by the ALJ.

Commissioner—that substantial evidence supports the ALJ's RFC determination and ultimate finding of not disabled.

### Rule 59(e)

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED.R.CIV.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

### Judicial Review of Social Security Cases

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir.

1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.1994).

## **Analysis**

In support of his decision for finding the claimant's tremor was not a severe impairment, the ALJ wrote:

> While the record documents complaints of, or references to tremors [sic] no functional limitations are established in conjunction with these conditions. Regarding his tremors, the claimant testified that he has them in both arms. However, the right arm tremor is the worse. He stated that the tremor is there most of the time, even while using his hand to eat. The claimant estimates that he can lift a jug of water or a little light bag. Treatment notes show that the clamant [sic] had moderate tremor of his left and right arms that persisted while the claimant wrote his name (Exhibit 3F). However, the claimant had no noticeable shaking of his head, neck, or lower extremities. At the consultative examination, the claimant demonstrated five of five grip strength bilaterally (Exhibit 1 F). Additionally, the claimant had good manual dexterity. There was no motor or sensory deficit or spasticity of his upper extremities, and reflexes in his upper extremities were normal.

At the heart of the Commissioner's first argument is the claim that because there were no functional limitations associated with the claimant's tremor, the ALJ

–4–

committed no error in determining it was non-severe.  The Court does not agree.

The Fifth Circuit has said with respect to the meaning of a severe impairment:

> Severe impairment has a specific—if somewhat surprising—meaning.  Under our binding precedent, "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)).  Re-stated, an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work.  *Id*.

*Salmond,* 892 F.3d at 817.  Therefore, in the Fifth Circuit, the claimant need only make a *de minimis* showing in order to establish the existence of a severe impairment. *See id*.  Thus, the Court agrees with Plaintiff that this is a very "low bar."  *See* Pl. Br. [27] p. 2.

In this case, while the record indicates the claimant's tremor developed after an accident during childhood and existed most of his life, his uncontroverted testimony established that it became worse during the relevant period.  Additionally, records from Dr. Jim Adams, the consultative examiner; the claimant's treating nurse practitioner; and Communicare, the claimant's mental health treatment facility, all document complaints and observations of tremors and/or involuntary movements. Finally, the claimant was prescribed Neurontin specifically for his "moderate" tremor a little less than one month prior to his consultative examination.[2]  This evidence,

---

[2] This case is distinguishable from *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992), cited in the Commissioner's brief.  *See* Def.'s Br. [26] at 3.  In that case, the Fifth Circuit's finding that substantial evidence supported the ALJ's determination of non-severity rested in part on the fact that the "claimant did not receive a definite diagnosis of muscular disease," and her own testimony established relatively normal activities

–5–

along with the claimant's complaints that his tremor worsened to the point where he dropped things, more accurately supports a finding that the ALJ misapplied the *Stone* standard with respect to the claimant's tremor. *See Corbitt v. Commissioner of Social Security,* No. 3:10-CV-558-CWR-LRA, 2013 WL 603896, at *5 (S.D. Miss. Feb. 19, 2013) (finding though the ALJ cited *Stone*, the ALJ committed legal error because he misapplied it)*; Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241, at *3 (N.D. Tex. Jan. 26, 2010) (concluding that though "the ALJ mentioned *Stone*, it is apparent elsewhere in the hearing decision that the judge either misunderstood or misapplied the appropriate legal standard governing the threshold issue of severity") (citation omitted). Thus, the Court affirms its conclusion (albeit on a more accurate basis) that the ALJ erred at step two.

Nevertheless, the Court's analysis does not end here. In this case the ALJ found the claimant had at least one severe impairment, diabetes mellitus, and continued the sequential evaluation process. Of course, prior to making a determination of RFC, it is incumbent on the ALJ to consider the limiting effects of all the claimant's impairments, both severe and non-severe.[3] Here, this Court determined the ALJ's step two error was compounded at this stage because he failed to consider the claimant's tremor in crafting the RFC. The Court relied largely on

---

of daily living. *See Anthony*, 954 F.2d at 295. In this case, a nurse practitioner noted a "moderate tremor" and prescribed medication, and the claimant's testimony established he dropped food while attempting to eat.

3 Even if an impairment is found non-severe at step two, at step four the ALJ must "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]." 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* SSR 96-8p, 1996 WL 374184, at *5.

the fact that the claimant's testimony had established that as a result of his tremor, he dropped food when he ate. This was error in view of the dictates of the substantial evidence standard which, as the Commissioner points out, was recently reiterated in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In that case, the Supreme Court of the United States made clear that it is a reviewing court's job to "look[] to . . . [the] existing administrative record and ask whether it contains sufficient evidence to support the agency's factual determinations." *Id.* In this case, there was sufficient evidence to support the ALJ's determination that the claimant was capable of performing a full range of light work (with no manipulative limitations).

Dr. Adams's consultative exam report indicates the claimant's "coarse" shaking of his hands bilaterally was only of "limited duration"; he tied his boot laces "easily and normally" using the fingers of both hands; and he had 5/5 grip, "good manual dexterity[,] and full range of motion of all fingers, wrists, elbows, forearms, shoulders, etc." This evidence along with the non-examining state agency physician's assessment that the claimant was capable of medium work (and had no manipulative limitation) amounts to substantial evidence in support of the ALJ's light-work RFC finding. Any error by the ALJ at step two was harmless because it is inconceivable the ALJ would have crafted a different RFC—in view of the record evidence—even had he deemed the claimant's tremor "severe."[4] *Cf. Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (concluding that any *Stone* error was harmless because the claimant failed to show he was "so functionally impaired by his mental

---

[4] The same conclusion is appropriate with respect to Plaintiff's neuropathy and mental impairments.

impairment" he was precluded from engaging in any substantial gainful employment"). Ultimately, this Court committed a crucial error when it failed to properly conduct a harmless error analysis as relates to the ALJ's RFC determination.[5] Therefore, the Court now finds that though the ALJ improperly determined the claimant's tremor was non-severe, substantial evidence supports the RFC determination (and ultimate finding of not disabled) particularly in a case where the claimant has pointed to no evidence in support of specific, disabling limitations associated with the upper extremities, or otherwise.

    Accordingly, the ALJ's decision is due to be affirmed, and this Court's April 25 judgment in favor of the claimant should be and is, hereby, VACATED. Finally, because the Court will affirm the ALJ's decision, there is no need to address the Commissioner's alternative assignment of error.

    This, the 3rd day of July, 2019.

    /s/ Jane M. Virden
    U. S. MAGISTRATE JUDGE

---

[5] "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F.Supp. 2d 811, 816 (E.D. Tex. 2006) (citations omitted).