IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| TERRY BLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No.: **3:18cv00117-JMV** |
| NANCY BERRYHILL *Commissioner of the Social Security,* | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion [19] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, Plaintiff's motion is deemed moot.

The EAJA provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

Under the EAJA a prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as "a judgment that is final and not appealable." *Id*. § 2412(d)(2)(G). The Supreme Court has interpreted "final judgment" for purposes of § 2412(d)(1)(B) as "a judgment rendered

by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). The thirty-day EAJA clock "begins to run after the time to appeal that 'final judgment' has expired." *Id.* When the United States or its officer or agency is a party, "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(B). Ultimately, "[b]ecause . . . [the] thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional. . . . Thus, a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application.'" *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (citations omitted).

The Court entered a Final Judgment [18], remanding this Social Security case for further proceedings on April 25, 2019. Plaintiff filed his motion for attorney fees the same day, contending in part that he is entitled to an award of fees because he is the prevailing party. However, on July 3, 2019, the Court issued an Opinion and Order [29] that vacated the prior judgment and affirmed the Commissioner's decision and entered an Amended Final Judgment [30] the same day. Because Plaintiff's motion is based on the prior judgment, which has been vacated, the motion is hereby deemed moot.

**SO ORDERED** this, the 16th day of July, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE